UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEROY a/k/a DEREK McSMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO:  08-1123-PB-SS** |
| **UNITED STATES AND UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT** | |

**REPORT AND RECOMMENDATION**

On July 31, 2008, the District Judge referred this case to the undersigned.  Rec. doc. 8.  For the reasons described below, it is recommended that the complaint of the plaintiff, LeRoy a/k/a Derek McSmith ("LeRoy"), be dismissed without prejudice.

On February 25, 2008, LeRoy sought leave to file a complaint.[1]  On June 30, 2008, the

---

[1] LeRoy has filed at least seventeen actions in the Eastern District of Louisiana and at least ten actions in the Middle District of Louisiana.  The actions in the Eastern District are:

*McSmith v. Stor-All New Orleans, Inc.*, 06-4501-KDE.  LeRoy alleges that the defendant terminated his lease on a storage unit and seized his property without proper notice.

*McSmith v. Blackwater, Inc.*, 06-4601-HGB.  Leroy alleges that the defendant denied him access to a New Orleans public library.  In an amended complaint additional defendants, including the U.S. Marshal's Service, are alleged to have conducted an illegal search at the federal courthouse in Baton Rouge.

*McSmith v. Kurt D. Engelhardt*, 06-5363-HGB.  LeRoy alleges that District Judge Engelhardt failed to address his motion for emergency relief in 06-4501.

*McSmith v. Sarah S. Vance*, 06-5365-SRD.  LeRoy alleges that District Judge Vance denied LeRoy due process and the right to appear at a hearing on his motion for injunctive relief in 06-3426.

*McSmith v. United States*, 06-5618-AJM.  LeRoy alleges that the complaint and summons in 06-4501 were not timely served by the United States Marshal's Service.

*McSmith v. United States*, 06-8673-LMA.  LeRoy alleges that the United States Postal Service did not give him a refund for a certified mail charge that he paid.

*McSmith v. State of Louisiana*, 06-8903-MLCF.  LeRoy alleges that the Louisiana Department of Public Safety refused

motion was granted. Rec. doc. 2. He also was granted leave to proceed *in forma pauperis*. Rec. doc. 3. The complaint states that all notices can be served on LeRoy at 745 Forest Parkway, Forest Park, GA 30297. LeRoy alleged that: (1) pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), he presented a request to the Department of Housing and Urban Development ("HUD") for information; and (2) he did not receive a response. The only defendants are the United States and HUD. Rec. doc. 4. Although a summons was issued, there is no proof of service in the record. On July 29, 2008, the District Judge issued an order which notified LeRoy: (1) of the

---

to accept his mailing containing a request for a permit for a concealed firearm.

*McSmith v. Piper Griffin*, 06-9828-LMA. LeRoy complains of the rulings by a state court judge in his dispute with Stor-All.

*McSmith v. Bruce J. McConduit*, 06-9968-EEF. LeRoy complains of rulings by a state court judge, actions by the United States Marshal's Service, and rulings by the undersigned and District Judges Feldman and Africk.

*McSmith v. Chelsey Napoleon*, 06-10517-MLCF. LeRoy was denied copies by the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana.

*McSmith v. Madeline M. Landrieu*, 06-10832-LMA. LeRoy complains of actions by a state court judge.

*McSmith v. Loretta Whyte*, 06-10833-JCZ. LeRoy alleges that the Clerk for this Court did not enter a default a judgment in 06-4601.

*McSmith v. U.S. Department of Housing and Urban Development*, 06-10903-HGB. LeRoy complains of discrimination in the rental of a housing unit in Baton Rouge.

*McSmith v. Eric Baehr*, 06-11200-CJB. LeRoy alleges that Baehr and other members of the United States Marshal's Service improperly issued him a summons for blocking the entrance to a public passage.

*McSmith v. U.S. Marshal's Service*, 06-11379-HGB. LeRoy alleges that: (a) U.S. Marshal engaged in unprofessional conduct; and (b) an employee of the United States Postal Service failed to deliver his birth certificate.

*McSmith v. Alma L. Chasez*, 07-656-MLCF. LeRoy seeks to enjoin Magistrate Judge Chasez of this Court from issuing any decisions in any matter in which he is involved. Magistrate Judge Wilkinson of this Court issued a report and recommendation that LeRoy's complaint be dismissed as legally frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2). Rec. doc. 2 in 07-656.

*McSmith v. United States*, 07-1081-MVL. LeRoy alleges that the Secretary of Labor did not provide a timely response to a Freedom of Information Act request.

requirements of Fed. R. Civ. P. 4(m); and (2) that if service was not made within 120 days of the filing of the complaint, his complaint would be dismissed. Rec. doc. 7. A copy of the order was mailed to LeRoy and it was not returned. On July 31, 2008, the matter was referred to the undersigned. Rec. doc. 8. Although the order of referral was sent to the 745 Forest Parkway address, it was returned as undeliverable. There have been no further communications from LeRoy.

Although it will be recommended that the case be dismissed without prejudice, it will be assumed that this will operate as a dismissal with prejudice. In Ricky Raymond, et al v. University of Houston, 275 Fed. Appx. 448, 2008 WL 1881567(5th Cir. 2008), the Fifth Circuit stated that:

> Rule 41(b) provides that if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. In other words, Rule 41(b) allows the district court to dismiss an action upon . . . its own motion . . . for failure to prosecute. We review a district court's dismissal with prejudice for failure to prosecute pursuant to Rule 41(b) for an abuse of discretion. We have recognized, however, that a dismissal with prejudice is an extreme sanction that deprives the litigant of the opportunity to pursue his claim. Consequently, this Court has limited the district court's discretion in dismissing cases with prejudice.

Id. at 449 (citations and quotation marks omitted). It quoted the following from Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188 (5th Cir. 1992),

> We will affirm dismissals with prejudice for failure to prosecute only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile.

Id. at 1190. For dismissals with prejudice, it noted a need for at least one of three aggravating factors. (1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. 275 Fed. Appx. at 449.

Since 2006, LeRoy has had extensive experience as a *pro se* litigant. He is fully aware of

3

the need to serve defendants.  He was notified of the need to do so in this case.  He is fully aware of the requirement that any change in address be reported to the Clerk.  He has not made service on the defendants within the time permitted by Rule 4(m), nor has he provided the Clerk with a current address.  There is a clear record of contumacious conduct by LeRoy.  He is representing himself, so the delay can only be attributed to him.  LeRoy's frequent resort to this Court demonstrates that the delay in this action was caused by his intentional conduct.

## RECOMMENDATION

IT IS RECOMMENDED that LeRoy's complaint be DISMISSED WITHOUT PREJUDICE for failure to comply with Fed. R. Civ. P. 4(m) and the July 29, 2008 order of the District Judge.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 21st day of November, 2008.

**SALLY SHUSHAN**
**United States Magistrate Judge**